**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | | |
|---|---|---|
| WALTER ALLEN DUBOSE,<br>Plaintiff,<br><br>VERSUS<br><br>PAUL CAMPBELL, ET AL.,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 3:24-cv-00120<br><br>JUDGE DAVID C. JOSEPH<br><br>MAGISTRATE JUDGE MCCLUSKY |

**DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION [R. DOC. 102]**

**MAY IT PLEASE THE COURT:**

Now come Warden Paul Campbell and Nurse Donna Norman ("Defendants") who, through undersigned counsel, timely file this Objection to the Magistrate Judge's Report and Recommendation of February 25, 2026 and ask that this Court grant Defendants' Motion for Summary Judgment in full, finding that Defendants are entitled to qualified immunity on all claims.

## I. FACTS

On June 27, 2025, Defendants filed their Motion for Summary Judgment into the record of this matter seeking dismissal of Walter Dubose's ("Plaintiff") claims for an alleged denial of medical care.[1] On February 25, 2026, the Magistrate Judge issued a Report and Recommendation, in which Defendants' Motion for Summary Judgment was granted in part, and denied in part.[2] More specifically, the Magistrate Judge found that a genuine issue of material fact exists "as to whether Defendants were deliberately indifferent to a substantial risk of serious harm by ignoring

[1] R. Doc. 68.
[2] R. Doc. 102

and refusing to credit DuBose's continued complaints of pain and discomfort in his lone, remaining eye;[3] and (2) a genuine dispute of material fact exists as to whether "Nurse Norman was deliberately indifferent to a substantial risk of serious harm by refusing and ignoring DuBose's repeated requests to see a physician following his February 2023 [injury] to his arm/elbow. Defendants object to these two conclusions only and respectfully request that they not be adopted by this Honorable Court.

**A. <u>The Court's finding relative to medical care involving Plaintiff's arm/elbow.</u>**

In support of the subject Motion for Summary Judgment, Defendants submitted the Declaration of Nurse Donna Norman ("Norman") as evidence contradicting Plaintiff's claim that she prevented him from seeing a visiting doctor relative to his alleged elbow pain. As noted by the Court, Plaintiff asserts that "Nurse Greer told him that he 'had been refused for seeing visiting doctor[.] [sic].'" and "Norman is responsible for 'rescheduling [him] twice for [him] not seeing a visiting doctor just after injury occurred Feb. 2023.'"[4] In that document, as noted by the Court, Norman testified to the following:[5]

> 18. I did not prevent Plaintiff from seeing a visiting doctor or any other doctor relative to his alleged elbow pain in February of 2024 or any other time.

…

[3] *Id.,* page 23.
[4] *Id.,* page 4 (citing R. Docs 33, page 3 and 36, page 4).
[5] See Declaration of Donna Norman, R. Doc. 84.

> 16. It was not my responsibility to reschedule any of Plaintiff's appointments relative to his alleged elbow or arm pain in February of 2023, or at any other time. I did not assume that duty.
>
> 17. The rescheduling of an inmate's medical appointments is the duty of other nurses who work within OCC and not the duty of the medical director of OCC, which I am.

In its Report and Recommendation, the Magistrate Judge did not identify any evidence to contradict Norman's testimonial assertion. Instead, it was surmised that, "Indeed, Nurse Greer told [Plaintiff] that he had been refused to see the visiting doctor. If Nurse Greer did not prevent access, then the most likely suspect was Nurse Greer's superior, i.e. Nurse Norman, as DuBose contends." But this is pure speculation on the part of Plaintiff and, by extension, the Magistrate Judge. The phrase, "the most likely suspect"—as opposed to "the only suspect"—in and of itself suggests the possibility that another person may have allegedly prevented Plaintiff from seeing the visiting doctor. In fact, it is equally possible that, if Plaintiff's allegations regarding his inability to visit the doctor is true, the doctor himself refused to see Plaintiff. Or, perhaps, an OCC correctional officer allegedly prevented Plaintiff from seeing the doctor. What is known with certainty, however, is that Norman affirmatively stated that she did not prevent Plaintiff from seeing a visiting doctor regarding his alleged elbow pain and that she is not responsible for scheduling appointments. Nothing outside of Plaintiff's allegations were identified to counter that assertion.

And even if this Court were to give Plaintiff's unverified Amended Complaints[6] the same evidentiary value as a declaration, an affidavit, or deposition testimony—which, per the United States Fifth Circuit's opinion in the matter of *Scott v. Santos*, 700 F.Supp.3d 548, 552 (5th Cir.

---

[6] R. Docs. 33 & 36, both individually listed on the docket sheet as an "Amended Complaint."

2023) it should not[7]—Plaintiff's representations in those documents are insufficient for defeating Defendants' summary judgment motion relative to the issue of Plaintiff's ability to see a visiting doctor regarding his elbow pain. As noted by the *Scott* court in 2023, "Nevertheless, even verified allegations cannot defeat summary judgment if they are simply "conclusory allegations," "unsubstantiated assertions," or constitute "only a scintilla of evidence." *Id.* (citing *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Hunt v. Pierson*, 730 F. App'x 210, 212 (5th Cir. 2018) (quoting *Turner v. Baylor Richardson Med. Ctr*., 476 F.3d 337, 343 (5th Cir. 2007)). Here, Plaintiff has offered nothing other than "conclusory allegations" and "unsubstantiated assertions" in unverified documents which do not serve to contradict Norman's unambiguous and sworn testimony that she "did not prevent Plaintiff from seeing a visiting doctor or any other doctor relative to his alleged elbow pain in February of 2024 *or any other time*." Considering the lack of any competent evidence to the contrary, Defendants respectfully object to the Magistrate Judge's finding and ask that Nurse Donna Norman be afforded qualified immunity relative to Plaintiff's claim that she prevented him from seeing a visiting doctor regarding his alleged elbow pain.

**B. <u>The Court's finding relative to medical care involving Plaintiff's eye.</u>**

The Report and Recommendation accurately represents Defendants' argument that they were not deliberately indifferent to Dubose's optical medical needs insofar as (1) Plaintiff was sent to see ophthalmologist Dr. Chase Wilson, M.D. (referred to throughout the Report and Recommendation as "AVS") on February 7, 2023 and (2) the medical records generated by Dr. Wilson "issued no orders or medications" and did not indicate any upcoming or additional appointments relative to Plaintiff's eye.[8] The Magistrate Judge further took note of the existence

[7] "Mere allegations in a non-movant's complaint are not evidence." *Id.* (citing *Wallace v. Tex. Tech Univ*., 80 F.3d 1042, 1047 (5th Cir. 1996).

[8] R. Doc. 102, page 2.

of Plaintiff's prior Motion for Preliminary Injunction of April 26, 2024,[9] in which Plaintiff alleged that for almost two years prior to that date Plaintiff "has submitted numerous requests, paper forms, and notes to 'medical' and Warden Campbell about his condition and his need for his scheduled surgery, but he has yet to have it."[10] However, the Court found that Plaintiff's Motion for Preliminary Injunction should be denied because Plaintiff's "medical records from his February 7, 2023, appointment indicate that Dr. Wilson **did not prescribe or schedule surgery or any other eye treatment**" and, based upon that fact, "there is no indication that defendants delayed any prescribed treatment (because there was no prescribed treatment to delay. Consequently, Plaintiff does not demonstrate a substantial likelihood that defendants were deliberately indifferent to any substantial risk of serious harm." (emphasis added).[11]

The Court came to this conclusion even after considering Plaintiff's representation that he had submitted *numerous* documents to Defendants regarding his alleged eye condition and his purported need for surgery. In doing so, the Court expressly relied upon the matters of *Clause v. Med. Staff*, 2020 WL 2576140, at *3 (E.D.La. Apr. 30, 2020), *report and recommendation adopted*, 2020 WL 2572477 (E.D.La. May 21, 2020), which held that "[t]he nursing staff obviously cannot be considered to have acted with deliberate indifference for failing to provide medications that were not prescribed or recommended and *Samford v. Bowers*, 2000 WL 140751, at *3 (N.D. Tex. Feb. 4, 2000), *aff'd* 239 F.3d 366 (5th Cir. 2000), holding that a defendant "did not deny the plaintiff access to Lortab for his pain because Lortab was never prescribed for the Plaintiff[.]").

---

[9] R. Doc. 20.
[10] See the Court's "Memorandum Order" relative to Plaintiff's Motion for Preliminary Injunction, R. Doc. 29, page 2.
[11] *Id.,* page 4.

It must be noted that Plaintiff has alleged Defendants failed to arrange his appearance at a "scheduled surgery."[12] Defendants cannot be deemed deliberately indifferent to Plaintiff's serious medical needs for failing to transport him to a surgery that, to Defendants' knowledge at the time, had never been scheduled. As noted by the Magistrate Judge in her Report and Recommendation:

> "Furthermore, "[t]o succeed on a deliberate-indifference claim, plaintiffs must show that (1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) the official actually drew that inference." *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (citations and internal quotation marks omitted); see also *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (quoting *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an inmate's health "only if [s]he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Delaughter v. Woodall*, 909 F.3d at 136 (applying *Farmer* to a denial of medical care claim). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006)."

Here, it cannot be said that Defendants *knew* that a substantial risk of harm existed and drew the inference. Plaintiff was seen by an ophthalmologist and Defendants were aware of that fact. The medical paperwork generated by that very same doctor did *not* identify a scheduled surgery relative to Plaintiff's eye. In other words, to Defendants' knowledge, no "treatment [had] been recommended," nor was there any way for Defendants to know that Plaintiff required surgery for his eye, as that finding clearly exceeds what "even laymen would recognize" is a need for care. Remember, it was Plaintiff's contention that Defendants—and undersigned counsel—altered those medical records, suggesting that *those* medical records would have informed Defendants of any upcoming appointments. And they contained no such information.[13] Defendants simply were not

[12] R. Doc. 38, Report and Recommendation, pages 2 and 9; R. Doc. 20, page 1.
[13] Nor did Defendants or undersigned counsel alter those records, as shown in the subject motion for summary judgment.

deliberately indifferent in failing to transport Plaintiff to what was known to be a non-existent optical surgery appointment. Even if Plaintiff alleges he received eye surgery once he was transferred from OCC to another facility, that fact is immaterial for the purpose of Defendants' Motion for Summary Judgment. What is crucial is what was known by *these* Defendants at the time of the alleged constitutional violations. A requisite inference could not have been drawn otherwise. Considering that Defendants were not deliberately indifferent to Plaintiff's alleged surgical needs, a finding of qualified immunity is warranted as to both Defendants.

**C. <u>Plaintiff failed to identify clearly established law to rebut Defendants' QI defense.</u>**

In order to rebut Defendants' qualified immunity defense, Plaintiff was required to identify clearly established law evincing a violation of Plaintiff's constitutionally protected rights. In other words, Plaintiff was required to provide the court with law showing that "the violative nature of *particular* conduct is clearly established. That is because qualified immunity is inappropriate only where the officer had fair notice—in light of the specific context of the case, not as a broad general proposition—that his *particular* conduct was unlawful." *Ramirez v. Guadarrama*, 3 F.4th 129, 135 n. 3 (5th Cir. 2021) (emphasis court's) (citing *Morrow v. Meachum*, 917 F.3d 870, 875 (5th Cir. 2019). Neither Plaintiff nor the Magistrate Judge identified law stating that an inmate's constitutional rights are violated when a prison official fails to transport him to an alleged surgical appointment they were not aware of. Because no such law was identified, qualified immunity is appropriate relative to Plaintiff's claim Defendants failed to transport him to a surgical appointment they did not know about. *See Nevarez v. Dorris*, 135 F.4th 269, 275-76 (5th Cir. 2025).

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court not adopt the Magistrate Judge's Report and Recommendation relative to the denial of Defendants' Motion for Summary Judgment on the issue of delayed medical treatment for Plaintiff's detached focus lens[14] and delayed treatment for broken arm/elbow in February 2023.[15] Defendants further request that this Court adopt the Magistrate Judge's dismissal of an alleged delay following the March 21, 2024 surgical recommendation.[16]

Respectfully submitted,

RODRIGUE & ARCURI, LLP

s/ *Jason P. Wixom*

BLAKE J. ARCURI (LSBN #32322)
LAURA C. RODRIGUE (LSBN #30428)
JASON P. WIXOM (LSBN #32273)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel: (504) 592-4600 Fax: (504) 592-4641
COUNSEL FOR DEFENDANTS
Email: barcuri@fralawfirm.com
lrodrigue@fralawfirm.com
jwixom@fralawfirm.com

[14] R. Doc. 102, page 18.
[15] *Id.,* page 23.
[16] *Id.*, page 25.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participant(s) by United States Mail, properly addressed and postage pre-paid.

s/ *Jason P. Wixom*