UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

WALTER ALLEN DUBOSE                    CIV. ACTION NO. 3:24-00120 SEC P.

VERSUS                                 JUDGE DAVID C. JOSEPH

PAUL CAMPBELL, ET AL.                  MAG. JUDGE KAYLA D. MCCLUSKY

## MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the District Court, are three motions filed by Plaintiff pro se by Walter Allen DuBose ("DuBose"):   a motion for reconsideration [doc. # 98]; a motion to check the status [doc. # 103] of the foregoing motion for reconsideration; and a motion for appointment of counsel [doc. # 113].  For reasons detailed below, IT IS ORDERED that DuBose's motion for a status check is GRANTED, his motions for reconsideration and for appointment of counsel are DENIED, and the case is STAYED and ADMINISTRATIVELY CLOSED.[1]

## Relevant Background[2]

On September 2, 2025, DuBose filed a motion for issuance of a subpoena duces tecum to obtain his relevant medical records from Ochsner LSU-Health-Monroe Medical Center.  [doc. # 90].  On October 1, 2025, the Court denied his motion on the basis that the discovery deadline had lapsed ten months previously and DuBose had failed to show good cause to reopen

---

[1] As these motions are not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any objection/appeal must be made to the district judge in accordance with Rule 72(a).

[2] The undersigned recently recited the lengthy procedural history of this case.  *See* Feb. 25, 2026 Report and Recommendation [doc. # 102] ("R&R").  As necessary, the summary is adopted herein, by reference.

discovery to obtain and serve a subpoena. (Mem. Order [doc. # 97]). The Court added that DuBose had failed to explain how the medical records would assist his case, and he already had filed numerous briefs in opposition to the then-pending motion for summary judgment. *Id.*

On October 15, 2025, DuBose filed the instant motion [doc. # 98] seeking reconsideration of the Court's order [doc. # 97] denying his motion for issuance of a subpoena. In his motion, DuBose emphasized that he was pro se and did not understand the meaning of the word, "discovery." *Id.* He also reiterated that he needed the medical records to refute the substance of the "After Visit Summary" from his February 7, 2023 appointment with Dr. Chase Wilson produced by Defendants. *Id.*[3]

On February 24, 2026, DuBose filed the instant motion to check on the status of his motion for reconsideration. He urged the Court to grant his underlying motion for reconsideration so he would have a "fair & just" opportunity to submit evidence in opposition to Defendants' then-pending motion for summary judgment.[4]

On February 25, 2026, the undersigned recommended that remaining Defendants, Warden Paul Campbell and Nurse Donna Norman's motion for summary judgment [doc. # 68] be granted in part and that DuBose's claim for a delayed arm/elbow surgery in 2024 against Defendant, Nurse Donna Norman, be dismissed with prejudice. FED. R. CIV. P. 56. (R&R [doc. # 102]). However, the undersigned further found that there were genuine disputes of material fact that precluded qualified immunity for Defendants as to two of DuBose's claims for

---

[3] Defendants did not file a response to Dubose's motion and the time to do so has passed. *See* Notice of Motion Setting. [doc. # 99].

[4] Defendants did not file a response to DuBose's motion and the time to do so has passed. *See* LR 7.4.

denial of medical care. *Id.* Accordingly, the undersigned recommended that Defendants' motion for summary judgment be denied as to those claims. *Id.* On March 19, 2026, the District Court adopted the R&R. (Judgment [doc. # 106]).

On April 9, 2026, DuBose filed the instant motion for appointment of counsel [doc. # 113] to obtain representation before the U.S. Fifth Circuit Court of Appeals, in light of Defendants' apparent intention to appeal the Court's March 19, 2026 Judgment. He further argued that he needed counsel to help him with the applicable standard of care for his complex medical issues and to help him with the presentation of evidence and cross-examination of witnesses, presumably following the anticipated appeal.

On April 10, 2026, Defendants filed a notice of appeal "pursuant to the collateral order doctrine . . ." challenging the Court's decision to deny qualified immunity as to two of DuBose's remaining claims. (Notice of Appeal [doc. # 112]).

### Law and Analysis

"A district court's denial of a defense of qualified immunity is immediately appealable, and once an appeal is filed, the district court is divested of its jurisdiction to proceed against that defendant." *Carty v. Rodriguez*, 211 Fed. App'x. 292, 293 (5th Cir. 2006) (citing *Williams v. Brooks*, 996 F.2d 728, 729–30 (5th Cir. 1993)). Here, both remaining Defendants have filed an interlocutory appeal regarding the Court's partial denial of qualified immunity. Under the circumstances, the Court is persuaded that the case, including further discovery, should be stayed pending resolution of Defendants' interlocutory appeal. Accordingly, while the Court will grant DuBose's motion for a status update, it will deny, *at this time*, the motion for reconsideration.

Insofar as this Court retains jurisdiction to entertain DuBose's motion for appointment of

counsel, the Court declines to grant his requested relief. The Court previously denied a motion for appointment of counsel filed by DuBose two years ago. *See* May 15, 2024 Mem. Order [doc. # 32]. Furthermore, while DuBose now seeks appointment of counsel to assist him with his efforts to oppose Defendants' interlocutory appeal, he already has successfully opposed Defendants' motion for summary judgment, in material part, before this Court. *See* R&R and Judgment [doc. #s 102 & 106]. Accordingly, there is no reason why he cannot replicate that success on appeal, especially since he need only defend this Court's decision. To be sure, the Fifth Circuit may feel differently regarding the benefit of appointed appellate counsel. Consequently, DuBose may re-urge his motion for appointment of counsel directly with the United States Court of Appeals for the Fifth Circuit. *See, e.g.*, *Edwards v. Rheems*, Civ. Action No. 22-290, 2023 WL 2436960, at *1 (M.D. La. Mar. 9, 2023) (directing plaintiff to file a motion for appointment of counsel with the Fifth Circuit).

## **Conclusion**

For the above-assigned reasons,

IT IS ORDERED that Plaintiff Walter DuBose's motion for a status check [doc. # 103] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Walter DuBose's motions for reconsideration [doc. # 98] and for appointment of counsel [doc. # 113] are DENIED, at this time.[5]

IT IS FURTHER ORDERED that the case is STAYED and the Clerk of Court is directed to administratively close it for the duration of Defendants' interlocutory appeal, without

---

[5] Once the pending appeal is resolved, and if the case is returned for further proceedings, DuBose may re-urge these motions, as needed.

prejudice to the right of the parties to reopen the proceedings once the appeal is concluded.

In Chambers, at Monroe, Louisiana, on this 11th day of May, 2026.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE